IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT _Nome_

_Bonanza Fuel Inc._

)
)
)
Plaintiff(s),
)
)
vs.
)
)
_Delta Western Inc_
)
)
)
Defendant(s).
)
)

CASE NO. _ZNO - 12 - 82_ CI

**SUMMONS**
**AND**
**NOTICE TO BOTH PARTIES**
**OF JUDICIAL ASSIGNMENT**

To Defendant: _Delta Western Inc._

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): _P.O. Box 1110 Nome, AK 99762_
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
Plaintiff's attorney or plaintiff (if unrepresented): _Matthew C. Crane_
Address: _2104 4th Avenue, 24th Floor Seattle, WA 98121_
_and H. Conner Thomas P.O. Box 61 Nome, AK 99762_

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form _Notice of Change of Address / Telephone Number_ (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge _Ben Esch_ .

(SEAL)

_3-1-12_
Date

CLERK OF COURT

By: _CBrown_
Deputy Clerk

* The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (2/06)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Matthew C. Crane, Pro Hac Vice
1  BAUER MOYNIHAN & JOHNSON LLP
    2101 4TH Avenue - 24th Floor
2  Seattle, WA 98121
    Telephone: (206) 443-3400
3  Facsimile: (206) 448-9076

4  H. Conner Thomas, AKB#8006049
    LEWIS & THOMAS PC
5  110 Front Street, Suite 211
    Nome, AK 99762
6  Telephone: (907) 443-5226
    Facsimile: (907) 443-5098

7

8  Attorneys for Plaintiff

9

10         IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
               SECOND JUDICIAL DISTRICT AT NOME

11  BONANZA FUEL, INC.,

12                  Plaintiff,

13         v.

14  DELTA WESTERN, INC.,

15                  Defendant.                    CASE NO. 2NO-12-_82___ Civil

16

17                  **COMPLAINT FOR DAMAGES**

18         Plaintiff Bonanza Fuel, Inc. by and through undersigned counsel alleges as follows:

19         1.      Bonanza Fuel, Inc. ("Bonanza Fuel") is a corporation domiciled in the State of

20  Alaska with its principal place of business at all material times in Nome, Alaska.

21         2.      Bonanza Fuel is a seller of petroleum products in Nome and the surrounding region,

22  including home heating fuel, diesel fuel, and gasoline, with a 3.6 million gallon tank farm at the

23  Port of Nome that receives bulk fuel delivered by marine barges.

24         3.      Delta Western, Inc. ("Delta Western") is a corporation domiciled in the State of

25  Washington with its principal place of business at all material times in Anchorage, Alaska.

26         4.      Delta Western is a supplier and distributor of petroleum products throughout the

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 1 OF 7

1  State of Alaska, including home heating fuel, diesel fuel, and gasoline delivered by barge.

2       5.     This court has jurisdiction over the subject matter and parties to this action.

3       6.     Venue is proper in this Court as the action arose in this district and city.

4       7.     On or about March 8, 2011, Bonanza Fuel issued a written competitive request for

5  fuel supply quotes for its 2011 projected fuel requirements to three Alaska suppliers: Delta

6  Western, Crowley Maritime Corporation, and Vitus Marine, LLC.

7       8.     In its request for quotes, Bonanza Fuel told Delta Western and the other potential

8  suppliers they needed to supply and deliver to Bonanza Fuel's tanks in Nome an estimated

9  combined total of approximately 2,850,000 gallons of home heating fuel, diesel fuel, and gasoline

10  during the 2011 barge season, an amount which was subject to change and which increased during

11  the 2011 barge season to approximately 3,215,000 gallons.

12       9.     Bonanza Fuel expressly told Delta Western and the other potential suppliers in the

13  request for quotes that it wanted all home heating fuel, diesel, and gasoline priced or loaded on

14  barges in the June, July, and August/September 2011 timeframes for transportation and delivery to

15  Nome, known as the summer barge season.

16       10.     Any timeframe later than August/September or pricing or loading resulted in a

17  substantial risk that by the time of delivery the harbor at the Port of Nome would become iced over

18  for the winter and prevent barges from being able to deliver any fuel until late the following

19  spring.

20       11.     As the sole supplier of Bonanza Fuel's home heating fuel, diesel, and gasoline

21  requirements for the five previous years, 2006, 2007, 2008, 2009, and 2010, Delta Western knew

22  that Bonanza Fuel required the delivery of all its fuel during the summer barge season, as once the

23  Nome harbor freezes over for the winter any such delivery would be impossible until late spring,

24  resulting in Bonanza Fuel running out of fuel before the first barge could arrive the following year.

25       12.     In response to Bonanza Fuel's request for quotes, Delta Western, Crowley

26  Maritime, and Vitus Marine each submitted quotes to sell and deliver to Nome all of Bonanza

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 2 OF 7

1  Fuel's 2011 requirements for home heating fuel, diesel, and gasoline.

2          13.     On or about March 15, 2011, Delta Western provided its quote for the sale and

3  delivery of Bonanza Fuel's 2011 fuel requirements, a copy of which is attached as Exhibit 1 to this

4  complaint and incorporated herein.

5          14.     On or about April 5, 2011, Bonanza Fuel informed Delta Western it was selected to

6  supply all of Bonanza Fuel's fuel requirements for 2011.

7          15.     That same day, Delta Western confirmed that it had been selected to supply

8  Bonanza Fuel's requirements for 2011, and advised it would forward a contract the following

9  week, but it never did so.

10          16.     On July 1, 2011, Delta Western delivered to Bonanza Fuel approximately 1,850,000

11  gallons combined of home heating fuel, diesel, and gasoline, fulfilling approximately 58% of

12  Bonanza Fuel's contracted requirements for 2011 and leaving the remaining approximately 42%

13  for final delivery later in the summer.

14          17.     Delta Western invoiced Bonanza Fuel more than $6,600,000 in accordance with the

15  contracted terms for the fuel delivered on July 1, 2011 and was fully paid by Bonanza Fuel.

16          18.     Later in July, and then again several times in early and mid-August, Bonanza Fuel

17  repeatedly asked Delta Western when the remaining approximately 1,300,000 gallons combined of

18  home heating fuel, diesel, and gasoline would be delivered, but Delta Western failed to respond.

19          19.     Finally, on August 23, 2011 Delta Western confirmed it would deliver the

20  remaining approximately 1,300,000 gallons of fuel on two separate barges, first during the time

21  period September 1-5, 2011, and the last one in mid-October 2011.

22          20.     Mid-October was late in the summer barge season to make a final fuel delivery, but

23  Delta Western promised Bonanza Fuel it would deliver the fuel by that deadline.

24          21.     On September 8, 2011, Delta Western had failed to make the first of the two final

25  fuel deliveries to Bonanza Fuel as agreed, but promised to combine the last two deliveries into a

26  single final delivery in late October.

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-____ CIV
PAGE 3 OF 7

22.     That same day, September 8, 2011, Bonanza Fuel informed Delta Western that November 1, 2011 was the last possible delivery date, as after that the Nome harbor would likely be iced over for the winter.

23.     Bonanza Fuel relied upon Delta Western's promises that it would deliver all remaining approximately 1,300,000 gallons of required fuel by the end of October 2011, and waited for Delta Western to deliver as promised and agreed.

24.     Delta Western failed to keep its promise and never delivered Bonanza Fuel's remaining fuel requirements as contracted in March 2011 before the end of the 2011 summer barge season.

25.     After the Nome harbor iced over in late November 2011, preventing any barges from entering the harbor to deliver fuel, Bonanza Fuel demanded that Delta Western make all necessary arrangements to deliver the remainder of its fuel requirements as promised and agreed, and upon which promises and agreement Bonanza Fuel had relied to its detriment.

26.     On December 2, 2011, Delta Western repudiated its contractual obligations, wrongfully claiming it was excused from having to perform its agreements by force majeure and impracticality of performance and falsely claiming that Bonanza Fuel had failed to cooperate, while knowing full well that repudiating its obligations would cause great harm to Bonanza Fuel without adequate home heating fuel, diesel, or gasoline for the winter and spring.

27.     After Delta Western repudiated its contract, Bonanza Fuel was left with no option but to obtain the remaining approximately 1,300,000 gallons of its fuel requirements by any other available fuel supplier.

28.     Bonanza Fuel thereafter contracted with Vitus Marine to supply its remaining fuel requirements, which in turn hired the Russian ice-class tank vessel RENDA to deliver the fuel to Nome harbor, escorted by the United States Coast Guard icebreaker HEALY.

29.     Bonanza Fuel made all necessary arrangements to cover and replace the delivery of the remaining approximately 1,300,000 gallons of home heating fuel, diesel, and gasoline required,

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 4 OF 7

1  including obtaining a Jones Act waiver from the Secretary of the Department of Homeland

2  Security to transport the required fuel by the non-U.S. flag RENDA to Nome as necessary in the

3  interest of national defense.

4    30.    Bonanza Fuel was unable to cover its home heating oil requirements because of

5  unavailability in the petroleum market, and substituted diesel oil to blend with its home heating oil

6  in its existing inventory to provide a substitute at a loss.

7    31.    On January 14, 2012, the RENDA, escorted by the HEALY, arrived adjacent to the

8  Nome harbor entrance and began delivery of 1,335,247 gallons of diesel and gasoline to fulfill

9  Bonanza Fuel's 2011 fuel requirements.

10   32.    On or about January 19, 2012, all 1,335,247 gallons of diesel and gasoline required

11  by Bonanza Fuel was delivered, which Delta Western had promised and agreed to deliver or its

12  equivalent prior to repudiation of its contract.

13                              **COUNT I**

14                     **BREACH OF CONTRACT**

15   33.    All allegations set forth in paragraphs 1-32, above, are re-alleged and restated.

16   34.    Delta Western breached and repudiated its contract to sell and deliver the remaining

17  approximately 1,300,000 gallons combined of home heating fuel, diesel, and gasoline to Bonanza

18  Fuel in fulfillment of its requirements contract before the Nome harbor iced over in 2011.

19   35.    Delta Western's breach and repudiation has caused Bonanza Fuel damages in an

20  amount to be proved at trial but greatly exceeding $1,500,000, the difference between what

21  Bonanza Fuel would have paid Delta Western and what Bonanza Fuel paid Vitus Marine, plus all

22  incidental and consequential damages, and for which Delta Western is fully liable.

23                              **COUNT II**

24                     **BREACH OF U.C.C. SALE**

25   36.    All allegations set forth in paragraphs 1-35, above, are re-alleged and restated.

26

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 5 OF 7

1     37.    Delta Western breached its contract of sale under the Uniform Commercial Code as

2  enacted in the State of Alaska, AS 45.02 *et. seq.*, when it breached and repudiated its contract to

3  sell and deliver the remaining approximately 1,300,000 gallons combined of home heating fuel,

4  diesel, and gasoline to Bonanza Fuel in fulfillment of its requirements contract before the Nome

5  harbor iced over in 2011.

6     38.    Delta Western's breach of its contract of sale under the U.C.C. has caused Bonanza

7  Fuel damages in an amount to be proved at trial as allowed by AS 45.02 *et. seq.*, but greatly

8  exceeding $1,500,000, the difference between what Bonanza Fuel would have paid Delta Western

9  and what Bonanza Fuel paid Vitus Marine, plus all incidental and consequential damages as may

10  be awarded by this Court, and for which Delta Western is fully liable.

**COUNT III**

**PROMISSORY ESTOPPEL**

13     39.    All allegations set forth in paragraphs 1-38, above, are re-alleged and restated.

14     40.    Delta Western breached and repudiated its promises to sell and deliver the

15  remaining approximately 1,300,000 gallons combined of home heating fuel, diesel, and gasoline to

16  Bonanza Fuel in fulfillment of its requirements contract before the Nome harbor iced over in 2011,

17  upon which Bonanza Fuel reasonably relied to its detriment and great harm.

18     41.    Delta Western's breach of its promises has caused Bonanza Fuel damages in an

19  amount to be proved at trial, but greatly exceeding $1,500,000, the difference between what

20  Bonanza Fuel would have paid Delta Western and what Bonanza Fuel paid Vitus Marine, plus all

21  incidental and consequential damages as may be awarded by this Court, and for which Delta

22  Western is fully liable.

**DEMAND FOR JURY**

24     42.    Pursuant to Article I, Section 16 of the Constitution of the State of Alaska, and

25  Alaska Rule of Civil Procedure 38, Bonanza Fuel hereby demands a trial by jury of all issues so

26  triable.

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 6 OF 7

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

1

**PRAYER FOR RELIEF**

2      WHEREFORE, having asserted its allegations against defendant as set forth above,

3  plaintiff Bonanza Fuel, Inc. prays for the following relief:

4      1.      Award of all direct, incidental, and consequential damages;

5      2.      Reasonable attorneys' fees as allowed by Civil Rule 82;

6      3.      Costs and expenses as may be allowed by the Court; and

7      4.      Such other and further relief this Court deems just and equitable.

8  DATED this _21_ day of February, 2012.

9                                      BAUER MOYNIHAN & JOHNSON LLP

10

11

12                                     Matthew C. Crane, Pro Hac Vice
                                       Attorneys for Plaintiff

13

14                                     LEWIS & THOMAS PC

15

16                                     H. Conner Thomas, AKSB No. 8006049
                                       Attorneys for Plaintiff

17

18

19

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (306) 448-9076

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 7 OF 7



# Delta Western, Inc.

### ALASKA'S PETROLEUM DISTRIBUTOR

420 L Street Ste. 101
Anchorage, AK 99501
Toll Free: (800) 478-2688
Tel: (907) 276-2688
Fax: (907) 276-3741

**DATE:** March 15, 2011

**TO:** Bonanza Fuel, Inc.
**ATTN:** Scot Henderson
**PHONE:** 907-443-4031
**FAX:** 907-443-3063

**RE:** *Bonanza Fuel 2011 Request for Fuel Supply*

Scot,

Thank you for the opportunity to respond to your RFP to supply Bonanza Fuel's annual fuel requirement for 2011. Delta Western's price offering is as follows:

| Product | Reference Index | Delivery Differential |
|---|---|---|
| #1 Heating Oil | OPIS PNW Spot Jet | $0.3335 per gallon |
| #1 ULSD | OPIS PNW Spot Jet | $0.4335 per gallon |
| #2 ULSD | OPIS Seattle Rack | $0.3335 per gallon |
| RUL | OPIS Seattle Rack | $0.4035 per gallon |

Final delivered pricing would be adjusted based on a three day average around the lift date from the refinery or terminal. We receive this reference price as an electronic feed into our system. As an alternate price reference offering, we can offer pricing based on the prior months average of the posted prices on the above mentioned indexes for the following months delivery. So effectively May average for a June delivery, June for July and so on. If you elect to utilize this alternate price referencing, we will require commitment prior to April 15th, 2011.

A Bunker Fuel Adjustment (Fuel Surcharge) will be applied to the delivered gallon based on the end of day reporting of the Seattle OPIS Rack Average for Ultra Low Sulfur Diesel #2. The Bunker Fuel cost adjustment would apply if the Seattle Ultra Low Sulfur Diesel #2 reference is above $2.50 or below $1.50. For every $0.05 of variance outside of that range a $0.0015 per gallon bunker fuel cost adjustment would be added or subtracted as applicable. For each voyage the same reference dates would be used for the cargo as well as any bunker fuel cost adjustment

Thank you again, for inviting Delta Western to provide a proposal on your fuel requirements for 2011. If you have any questions or want to discuss our proposal in more detail, please do not hesitate to contact me or Kirk in Anchorage at 276-2688. I look forward to hearing from you.

Sincerely,

John Cannon
Vice President, Marketing

# EXHIBIT 1

Matthew C. Crane, Pro Hac Vice
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

H. Conner Thomas, AKB#8006049
LEWIS & THOMAS PC
110 Front Street, Suite 211
Nome, AK 99762
Telephone: (907) 443-5226
Facsimile: (907) 443-5098

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
SECOND JUDICIAL DISTRICT AT NOME

BONANZA FUEL, INC.,

        Plaintiff,

    v.

DELTA WESTERN, INC.,

        Defendant.

CASE NO. 2NO-12-_8 2___ Civil

### MOTION TO APPEAR PRO HAC VICE ON BEHALF OF PLAINTIFF

The undersigned, Matthew C. Crane, moves pursuant to Alaska Rules of Civil Procedure, Rule 81(a)(2), for leave to appear pro hac vice as co-counsel on behalf of plaintiffs, to participate in this litigation in all respects, with the exceptions provided in such rule.

In support of this motion, movant would show the court that he is counsel for the plaintiffs, and that he was admitted to the Bar of the State of Washington in 1988. Appended in support of this motion are the following documents:

1.    A Certificate of Good Standing from the Washington State Bar Association, in accordance with Alaska Civil Rule 81(a)(2);

2.    The original proof of payment of the required fee to the Alaska Bar Association.

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP.

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

1    Alaska counsel with whom movant will be associated in this litigation, who is authorized to

2    practice in the courts of this state, is H. Conner Thomas, 110 Front Street, Suite 211, Nome, AK

3    99762.

4        DATED this 13th day of February, 2012.

5                                           BAUER MOYNIHAN & JOHNSON LLP

6

7

8                                           Matthew C. Crane, Pro Hac Vice
                                            Attorneys for Plaintiff

9

10                                          LEWIS & THOMAS PC

11

12                                          H. Conner Thomas, AKSB No. 8006049
                                            Attorneys for Plaintiff

13

14

15

16

17

18

19

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076
20

21

22

23

24

25

26

MOTION TO APPEAR PRO HAC VICE
CASE NO. 2NO-12-_____ CIV

- 2 -

1          Alaska counsel with whom movant will be associated in this litigation, who is authorized to

2      practice in the courts of this state, is H. Conner Thomas, 110 Front Street, Suite 211, Nome, AK

3      99762.

4          DATED this 13th day of February, 2012.

5                                    BAUER MOYNIHAN & JOHNSON LLP

6

7

8                                    Matthew C. Crane, Pro Hac Vice
                                     Attorneys for Plaintiff

9

10                                   LEWIS & THOMAS PC

11

12                                   H. Conner Thomas, AKSB No. 8006049
                                     Attorneys for Plaintiff

13

14

15

16

17

18

19

ATTORNEYS AT LAW

BAUER        20
MOYNIHAN &
JOHNSON LLP  21
2101 FOURTH AVE.
SUITE 1400
SEATTLE, WA 98121  22

(206) 443-3400
FAX (206) 448-9700  23

24

25

26

MOTION TO APPEAR PRO HAC VICE
CASE NO. 2NO-12-_____ CIV                          - 2 -

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

IN THE MATTER OF THE ADMISSION )
                       OF )
MATTHEW CLAYTON CRANE )
TO PRACTICE IN THE COURTS OF THIS STATE )
                                   )

BAR NO. 18003
**CERTIFICATE OF**

**GOOD STANDING**

---

I, Ronald R. Carpenter, Clerk of the Supreme Court of the State of Washington, hereby certify

MATTHEW CLAYTON CRANE

was regularly admitted to practice as an Attorney and Counselor at Law in the Supreme Court and all the

Courts of the State of Washington on October 31, 1988, and is now and has continuously since that date

been an attorney in good standing, with a current status of active.

IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed
the seal of said Court this 10th day of
February, 2012.

Ronald R. Carpenter
Supreme Court Clerk
Washington State Supreme Court

**ALASKA BAR ASSOCIATION**
P.O. Box 100279, Anchorage, Alaska 99510-0279
(907) 272-7469

| Customer's Order No. | | | | | | Date 2-16-12 | |
|---|---|---|---|---|---|---|---|
| Sold to Bauer Moynihan & Johnson LLP | | | | | | | |
| Address 2101 Fourth Ave Ste 2400 | | | | | | | |
| Phone No. Seattle WA 98121 | | | | | | | |
| Sold By | Cash | C.O.D. | Charge | On Acct. | Mdse. Retd. | Paid Out | |
| Qty. | Description | | | | Price | | Amount |
| | Rule 81 | | | | 660 | | 00 |
| | Matthew C. Crane | | | | | | |
| | NA 13333 | | | | | | |
| | assoc. w/ | | | | | | |
| | H. Conner Thomas | | | | | | |
| | #8006049 | | | | | | |
| | Case# 2 NO-12- | | | | | | |
| | CK# 47333 | | | | | | |
| | 2012 | | | | | | |
| All claims and returned goods MUST be accompanied by this bill. | | | | | Sub Total | | |
| Rec'd. By C. Feltman | | | | | Tax | | |
| | | | | | Total | | 660 00 |

031290          *Thank You!*          Item# G3R

1 | Matthew C. Crane, Pro Hac Vice
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
2 | Seattle, WA 98121
Telephone: (206) 443-3400
3 | Facsimile: (206) 448-9076

4 | H. Conner Thomas, AKB#8006049
LEWIS & THOMAS, P.C.
5 | 110 Front Street, Suite 211
Nome, AK 99762
6 | Telephone: (907) 443-5226
Facsimile: (907) 443-5098

7

8 | Attorneys for Plaintiff

9 | IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
SECOND JUDICIAL DISTRICT AT NOME
10

11 | BONANZA FUEL, INC.,

12 |         Plaintiff,

13 | v.

14 | DELTA WESTERN, INC.,

        Defendant.       CASE NO. 2NO-12-**8 2**____ Civil

15

16

17 | **ORDER GRANTING MOTION TO APPEAR PRO HAC VICE
ON BEHALF OF PLAINTIFF**

18 | The Court has reviewed the motion by Matthew C. Crane for leave to appear *pro hac vice*

19 | as co-counsel on behalf of plaintiff pursuant to Rule 81(a)(2) of the Alaska Rules of Civil

20 | Procedure, and to participate in this litigation in all respects with the exceptions provided in that

21 | rule. The motion is GRANTED.

22 |      DATED this _____ day of _____, 2012.

23

24

25 | _____
SUPERIOR COURT JUDGE

26

ORDER GRANTING MOTION TO APPEAR PRO HAC VICE
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 1 of 1

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

Matthew C. Crane, Pro Hac Vice
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

H. Conner Thomas, AKB#8006049
LEWIS & THOMAS, P.C.
110 Front Street, Suite 211
Nome, AK 99762
Telephone: (907) 443-5226
Facsimile: (907) 443-5098

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
SECOND JUDICIAL DISTRICT AT NOME

BONANZA FUEL, INC.,

               Plaintiff,

    v.

DELTA WESTERN, INC.,

               Defendant.

CASE NO. 2NO-12-_____ Civil

## DEMAND FOR TRIAL BY JURY

Plaintiff Bonanza Fuel, Inc., by and through counsel, hereby demands trial by jury in the above captioned matter.

DATED this ___15___ day of February, 2012, at Nome, Alaska.

BAUER MOYNIHAN & JOHNSON LLP

Matthew C. Crane, Pro Hac Vice
Attorneys for Plaintiff

LEWIS & THOMAS, P.C.

H. Conner Thomas, AKSB No. 8006049
Attorneys for Plaintiff

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

DEMAND FOR TRIAL BY JURY
BONANZA FUEL V. DELTA WESTERN
CASE NO. 2NO-12-_____ CIV
PAGE 1 OF 1

Matthew C. Crane, Pro Hac Vice
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

H. Conner Thomas, AKB#8006049
LEWIS & THOMAS PC
110 Front Street, Suite 211
Nome, AK 99762
Telephone: (907) 443-5226
Facsimile: (907) 443-5098

Attorneys for Plaintiff

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
### SECOND JUDICIAL DISTRICT AT NOME

BONANZA FUEL, INC.,

            Plaintiff,

    v.

DELTA WESTERN, INC.,

            Defendant.

CASE NO. 2NO-12-_82__ Civil

### PLAINTIFF BONANZA FUEL, INC.'S
### FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:   Defendant Delta Western, Inc.

       PURSUANT TO Alaska Rules of Civil Procedure, Rules 26, 33, and 34, and in the manner required by these Rules, you are to answer each of the following interrogatories and requests for production and, within thirty (30) days of service upon you, serve the original of the same upon the offices of Bauer Moynihan & Johnson LLP, 2101 Fourth Avenue, Suite 2400, Seattle, Washington 98121, and Lewis & Thomas, PC, 110 Front Street, Suite 211, Nome, Alaska 99762, in compliance with the procedural requirements of Alaska Rules 33 and 34. You are required to supplement your answers in the manner provided in Alaska Rule 26(e).

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-____ CIV

- 1 -

## GENERAL INSTRUCTIONS

1.     Responses to each request shall include all information and knowledge within defendant's custody, possession, or control, and information available upon exercise of reasonable diligence, including, but not limited to, knowledge and information in the custody, possession or control of defendant's consultants, accountants, attorneys or any other agents.

2.     If you are unable or refuse to respond to a request for production in whole or in part, whether it be for lack of information, on the basis of privilege or for any other reason, state the reasons for your inability or refusal, and respond to the remainder of the request.

3.     Words in the masculine gender include the feminine and neuter. The singular number includes the plural, and the plural includes the singular.

4.     "Communication," as used in these discovery requests, refers to any manner of oral or written communication regardless of the medium by which such communication occurred.

5.     The term "documents," as used in these discovery requests, means any writing and any other tangible thing in the custody, possession or control of defendant, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, written or oral communications, letters, e-mail or electronic messages, reports, agreements, data compilations, meeting notes, transcripts, summaries or records of personal conversations, diaries, tape recordings, opinions or reports of consultants, records, reports or summaries of negotiations and drafts of any document. Revisions of drafts or notations appearing on any document, and not a part of the original text, are to be considered a separate "document."

6.     "Person," as used in these discovery requests, refers to any individual or entity, such as a corporation, partnership, or other organization.

7.     "You" or "your," as used in these discovery requests, means defendant.

8.     "Identify," as used in these discovery requests, means to provide the name, address, phone number and current job position of the person(s) relevant to the discovery request.

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 2 -

## INTERROGATORIES

<u>INTERROGATORY NO. 1</u>:  Identify, by name, official number, owner, charterer, length, beam, draft, tankage, and machinery and equipment specifications, the tank barges, tank vessels, and their towing vessels that transported all petroleum products for your customers in the State of Alaska in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 2</u>:  Identify, by name, job title or position, employer, address, telephone number, and e-mail address, the persons responsible for and/or involved in the scheduling of all petroleum products to be delivered by water to your customers in the State of Alaska in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 3</u>:  Identify, by name, address, and telephone number, the refineries, distributors or sellers, and the geographical location of all petroleum products purchased and lifted or loaded, of all petroleum products sold or intended to be sold to Bonanza Fuel in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

<u>ANSWER</u>:

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 3 -

1    INTERROGATORY NO. 4:  Identify by name, grade, and quantity all petroleum products

2  loaded on any tank barge or tank vessel and intended or attempted to be delivered to Bonanza Fuel

3  in the first two weeks of September 2011, including the refinery, distributor or supplier of those

4  petroleum products (including their names and geographical locations of their products lifted or

5  loaded onto the barge or vessel), the name of the barge, vessel, and towing vessel, the names and

6  addresses of any customers that purchased those products, where and the dates those products were

7  delivered or discharged, and the quantities and sales prices of those products.

8      ANSWER:

9

10

11

12

13    INTERROGATORY NO. 5:    State with specificity the reasons you did not deliver to

14  Bonanza Fuel the approximately 1,300,000 gallons combined of home heating fuel, diesel oil, and

15  gasoline identified in the e-mail from John Cannon to Scot Henderson dated August 23, 2011, a

16  copy of which is attached at Exhibit 1 to these discovery requests.

17      ANSWER:

18

19

ATTORNEYS AT LAW

20
BAUER
MOYNIHAN &
JOHNSON LLP      21

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121  22

(206) 443-3400
FAX (206) 448-9076  23

24

25

26

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV
                                    - 4 -

1     <u>INTERROGATORY NO. 6</u>:   Identify by name, job title or position, employer, address,

2 telephone number, and e-mail address, the persons involved in the pricing, purchase, lifts or

3 loading, transportation, scheduling, delivery, and discharge of the petroleum products loaded on

4 any barge or vessel identified in response to Interrogatory No. 4, above.

5     <u>ANSWER</u>:

6

7

8

9

10     <u>INTERROGATORY NO. 7</u>:   State the facts, identify (by name, job title or position,

11 employer, address, telephone number, and e-mail address) the persons with knowledge, and

12 identify (by title or description, date, author(s) and receipt(s)) the documents, supporting or

13 referencing, the statement in your letter dated December 2, 2011, a copy of which is attached as

14 Exhibit 2 hereto, that "Delta Western's second delivery under our agreement is commercially

15 impracticable and therefore excused."

16     <u>ANSWER</u>:

17

18

19

20

21

22     <u>INTERROGATORY NO. 8</u>:  Identify each expert witness who may be used by you at trial

23 to present evidence under Rules 702, 703 or 705 of the Alaska Evidence Rules, and for each expert

24 disclose the following information as required by Alaska Rule 26(a)(2)(B): "... a complete

25 statement of all opinions to be expressed and the basis and reasons therefor; the data or other

26 information considered by the witness in forming the opinions; any exhibits to be used as a

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 5 -

1  summary of or support for the opinions; the qualifications of the witness, including a list of all

2  publications authored by the witness within the preceding ten years; the compensation to be paid

3  for the study and testimony; and a listing of any other cases in which the witness has testified as an

4  expert at trial or by deposition within the preceding four years."

5      ANSWER:

6

7

8

9

10

11

12

13      INTERROGATORY NO. 9:  State the name, job description or position, address,

14  telephone number, e-mail address, and employer of each person known by you, your

15  representatives, investigators, or attorneys, to have information about the allegations or claims set

16  forth in the Complaint in this action and any defenses, including, without limitation, all lay

17  witnesses you intend to call at trial, and for each person identified, state the subject matter, facts,

18  and the information known.

19      ANSWER:

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

20

21

22

23

24

25

26

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 6 -

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Produce all certificates of documentation, certificates of inspection, charter parties, and certificates of financial responsibility for all tank barges, tank vessels, and all towing vessels that transported petroleum products for your customers in the State of Alaska in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2**:  Produce all delivery schedules, whether in draft or final form, for all petroleum products delivered or intended to be delivered by water for your customers in the State of Alaska in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3**:  Produce all e-mails, letters, memoranda, notes, reports, facsimile transmissions, and any other communications concerning or relating to the delivery schedules referred to in Request for Production No. 2, above.

RESPONSE:

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 7 -

1    REQUEST FOR PRODUCTION NO. 4:  Produce all weather and sea ice forecasts and

2    reports concerning or relating to the delivery schedules referred to in Request for Production No.

3    2, above.

4        RESPONSE:

5

6

7

8    REQUEST FOR PRODUCTION NO. 5:  Produce all e-mails, letters, memoranda, notes,

9    reports, facsimile transmissions, other communications, and any other documents concerning or

10   relating to the pricing, purchase, and lifts or loading, transportation, and delivery of all petroleum

11   products sold or intended to be sold to Bonanza Fuel in 2011, including, but not limited to, home

12   heating fuel, diesel oil, and gasoline.

13       RESPONSE:

14

15

16

17

18   REQUEST FOR PRODUCTION NO. 6:  Produce all e-mails, letters, memoranda, notes,

19   reports, facsimile transmissions, and any other communications to and from the Nome

20   harbormaster concerning or relating to delivery or attempted delivery of all petroleum products for

21   Bonanza Fuel in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

22       RESPONSE:

23

24

25

26

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV
                                    - 8 -

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

1    <u>REQUEST FOR PRODUCTION NO. 7</u>:  Produce all e-mails, letters, memoranda, notes,

2    reports, facsimile transmissions, and any other communications to and from the United States

3    Coast Guard concerning or relating to delivery or attempted delivery of all petroleum products for

4    Bonanza Fuel in 2011, including, but not limited to, home heating fuel, diesel oil, and gasoline.

5        <u>RESPONSE</u>:

6

7

8

9        <u>REQUEST FOR PRODUCTION NO. 8</u>:  For the petroleum products loaded on any barge

10   or vessel identified in response to Interrogatory No. 4, above, produce all pages of the wheelhouse

11   log books for those vessels or vessels towing that or those barges, during the entire period July 1,

12   2011 to December 2, 2011.

13       <u>RESPONSE</u>:

14

15

16

17       <u>REQUEST FOR PRODUCTION NO. 9</u>:  Produce the e-mails, letters, memoranda, notes,

18   reports, facsimile transmissions, and any other communications to and from, and other documents

19   concerning, the persons at the "USCG, the State, Nome officials, tug companies, tanker

20   companies, air transport companies, oil companies, oil traders and competitors as a team to

21   identify assets and create solutions" as stated in your letter dated December 2, 2011, a copy of

22   which is attached as Exhibit 2 hereto.

23       <u>RESPONSE</u>:

24

25

26

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV
                                            - 9 -

1    REQUEST FOR PRODUCTION NO. 10:  Produce the e-mails, letters, memoranda, notes,

2   reports, facsimile transmissions, other communications, and other documents in support of the

3   statement in your letter of dated December 2, 2011, a copy of which is attached as Exhibit 2

4   hereto, that "the agreed initial delivery window of September 1 – 5 was subsequently rejected by

5   Bonanza due to congestion at the dock."

6        RESPONSE:

7

8

9

10    REQUEST FOR PRODUCTION NO. 11:  Produce the e-mails, letters, memoranda, notes,

11   reports, facsimile transmissions, other communications, and other documents in support of the

12   statement in your letter of dated December 2, 2011, a copy of which is attached as Exhibit 2

13   hereto, that "Our attempts at the final delivery into Nome this season were delayed by

14   unseasonably bad weather and subsequently prevented by ice."

15        RESPONSE:

16

17

18

19    REQUEST FOR PRODUCTION NO. 12:  Produce the e-mails, letters, memoranda, notes,

20   reports, facsimile transmissions, other communications, and other documents in support of the

21   statement in your letter of dated December 2, 2011, a copy of which is attached as Exhibit 2

22   hereto, that "the combination of weather and ice created a force majeure event."

23        RESPONSE:

24

25

26

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV
                                          - 10 -

1    REQUEST FOR PRODUCTION NO. 13:  Produce the e-mails, letters, memoranda, notes,

2  reports, facsimile transmissions, other communications, and other documents in support of the

3  statement in your letter of dated December 2, 2011, a copy of which is attached as Exhibit 2

4  hereto, that "We have identified a Canadian ice classed tug and barge unit, arranged supply, and

5  are in direct communication with the USCG and the USCG HEALY to coordinate an operation to

6  deliver fuel."

7    RESPONSE:

8

9

10

11

12    REQUEST FOR PRODUCTION NO. 14:  Produce any printed or written schedules,

13  nautical charts, graphical representations, photographs, video recordings, reports, publications, and

14  other documents used or referenced by you for your scheduled or planned deliveries of petroleum

15  products by barge to your customers in the State of Alaska in 2011 including, but not limited to,

16  home heating fuel, diesel oil and gasoline.

17    RESPONSE:

18

19

ATTORNEYS AT LAW

BAUER
MOYNIHAN &
JOHNSON LLP

2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121

(206) 443-3400
FAX (205) 448-9076

20

21

22    REQUEST FOR PRODUCTION NO. 15:  For each person whom you identify as an expert

23  witness in response to Interrogatory No. 8, above, produce the following:

24    a.    any report(s) prepared by said witness(es)

25    b.    the data or other information considered by the witness in forming the opinions

26    c.    any exhibits to be used as a summary of or support for the opinions.

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV

- 11 -

d.      all documents sent to, prepared by, or referred to by each witness

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:  Produce all other documents in your possession or control evidencing or concerning your responses to Interrogatories No. 1 through 9, above.

RESPONSE:

DATED this _____ day of February, 2012.

BAUER MOYNIHAN & JOHNSON LLP

_____
Matthew C. Crane, Pro Hac Vice
Attorneys for Plaintiff

LEWIS & THOMAS PC

_____
H. Conner Thomas, AKSB No. 8006049
Attorneys for Plaintiff

ATTORNEYS AT LAW
BAUER
MOYNIHAN &
JOHNSON LLP
2101 FOURTH AVE.
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

BONANZA FUEL'S FIRST DISCOVERY REQUESTS TO DEFENDANT
CASE NO. 2NO-12-_____ CIV
- 12 -

**Sent**: Tue Aug 23 10:32:09 2011
**Subject**: Fall deliveries
Hi Scot,

This is to confirm that the following confirms our agreed upon plan for the fall deliveries:

September 1-5 barge

| | |
|---|---|
| HS Jet | 400K |
| ULSD #1 | 300K |
| RUL | 200K |

Mid October barge

| | |
|---|---|
| ULSD #1 | 350K |
| RUL | 75K-100K to fill |

Pricing on the gas is based on a 3-day wrap around July 29th

Jet and the ULSD #1 can be priced on August average which MTD is 2.94 and change or you can use a September average which means the price would be plus or minus based off of the August MTD average of 2.94. for the this option we need to know today so we roll out of our pricing.

Let me know ASAP so we can finalize our pricing and schedule.

Thanks,
John

2

**EXHIBIT 1**



**Delta Western, Inc.**
*ALASKA'S PETROLEUM DISTRIBUTOR*

December 2, 2011

Mr. Scot Henderson
Fuel Operations Manager
Bonanza Fuel, Inc.
400 Bering Street
Nome, Alaska 99762

Re: <u>Response to Request for Assurances</u>

Dear Scot:

We are in receipt of your letter dated December 1, 2011. We understand that a possible fuel shortage in Nome this winter may have a significant and detrimental impact on Nome and the community. Understanding the situation in Nome and working to find solutions to the supply problem has been and is the top priority in this organization. As you know, we have ongoing operations throughout western Alaska, and intend to maintain and build our relationships with the local communities for many years into the future. As such, while Delta Western's second delivery under our agreement is commercially impracticable and therefore excused, we are nonetheless working very hard with the USCG, the State, Nome officials, tug companies, tanker companies, air transport companies, oil companies, oil traders, and competitors as a team to identify assets and create solutions to this problem. The focus is and will be on a workable solution.

We certainly would prefer that Bonanza was a part of this team and that we were working together rather than responding to demand letters. Your position from the outset has been extremely difficult for us to understand. We have asked for your help on over flights; we have gone to Nome and offered to voluntarily contribute approximately $800,000 to offset delivery costs; we have asked for the ice thickness at the port, all to no avail. Your minimal efforts to work together and relieve the situation with us are disappointing.

EXHIBIT 2

The delivery schedule over the season was provided to and coordinated with Bonanza. In fact, the agreed initial delivery window of September 1 – 5 was subsequently rejected by Bonanza due to congestion at the dock. Further, Bonanza indicated that it would prefer a later delivery when inventory stocks would be down, thereby allowing more room for incoming product and negating the necessity of Bonanza purchasing product from Crowley at significantly higher prices.

Our attempts at the final delivery into Nome this season were delayed by unseasonably bad weather and subsequently prevented by ice. The ice made a delivery by a conventional tug and barge impossible. The combination of weather and ice created a force majeure event and Delta Western's further performance is commercially impracticable (as is flying the fuel to Nome) and therefore excused. That being said, again, we are willing to work with Bonanza to find a different solution.

Delta Western has not relented in its pursuit of a workable solution for the people of Nome. We have identified a Canadian ice classed tug and barge unit, arranged supply, and are in direct communication with the USCG and the USCGC HEALY to coordinate an operation to deliver fuel. There may be another over flight scheduled again for this weekend and you are invited. Finally, disaster relief may be available; however, from our understanding Bonanza and Delta Western must cooperate and demonstrate cooperation for such relief to be granted. Thus far, Bonanza has not demonstrated its willingness to cooperate. Should you be willing to work with us to find a solution for Nome's fuel supply this winter, we welcome the opportunity to work with you.

Regards,

John Cannon
Vice President, Marketing and Sales